**FILED**
**Aug 10, 2018**
**11:20 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| **Erma Pearson,** | **Docket No.: 2017-08-1356** |
| **Employee,** | |
| **v.** | **State File No.: 93573-2017** |
| **Guardian Industries Corp.,** | |
| **Employer.** | **Judge: Deana C. Seymour** |

## EXPEDITED HEARING ORDER

This case came before the Court on August 3, 2018, on Erma Pearson's Request for Expedited Hearing. The issue is whether Ms. Pearson is likely to prevail at a hearing on the merits concerning entitlement to a panel of orthopedists.[1] The Court holds she is likely to do so and grants her request for an orthopedic panel.

### History of Claim

Ms. Pearson worked as a press operator for Guardian Industries Corp. (Guardian). On July 19, 2016, she slipped and fell in oil at work, claimed injuries to her back and right knee and reported her fall to Guardian. Guardian provided a panel of generalists, and she selected OccuMed. However, when her OccuMed physician referred her to an orthopedist, Guardian sent her to Dr. Lonergan without a specialist panel or a direct referral from her treating physician.[2]

Dr. Lonergan began treating Ms. Pearson in August 2016. He noted back surgery in 2004 as well as longstanding right knee pain. He diagnosed her with a lumbosacral sprain and right knee arthritis with a recent aggravation and contusion. He prescribed medication for pain and spasms and ordered physical therapy. He also placed Ms. Pearson on sedentary work restrictions.

---

[1] Ms. Pearson also raised the issue of temporary disability benefits in the Dispute Certification Notice. However, she presented no evidence at the hearing regarding this issue.

[2] Dr. Lonergan was Ms. Pearson's medical impairment registry doctor for a prior claim.

When Ms. Pearson continued to have issues with her back, Dr. Lonergan ordered an MRI of her lumbar spine. The MRI did not reveal anything acute but showed chronic degenerative changes that did not indicate any spinal canal or foraminal compromise. Dr. Lonergan placed Ms. Pearson at maximum medical improvement for her back contusion on October 27, 2016. He also stated that her knee condition remained chronic and noted that a total knee replacement was previously recommended.

Guardian ultimately denied the claim based on willful misconduct.[3] Afterward, Ms. Pearson filed a Petition for Benefit Determination, asking the Court to order Guardian to provide an orthopedic panel.

At the hearing, Ms. Pearson testified that oil was on the floor when she arrived at her work station on the date of her injury. She had to stand in the oil until a cleaning crew arrived. Ms. Pearson testified that, as the cleaning crew took care of the oil, she had to move toward her machine to pull a part off the conveyor to keep the machine from breaking. She contended that Guardian would have terminated her had she not done so. She slipped when she moved forward, and her feet flew straight out from under her, so she fell backwards.

Wyatt Edwards testified on behalf of Guardian. He stated he was familiar with Ms. Pearson's work station and testified that if one part were not pulled off before a second part came down, the line would stop; however, it would not break the machine. Mr. Edwards denied that Guardian would have fired Ms. Pearson if the line stopped.

Guardian also introduced a statement from co-worker James Ross. According to Mr. Ross, he was on the crew that came to clean the oil at Ms. Pearson's work station. Mr. Ross stated that he mopped from the conveyor to the table and asked Ms. Pearson to move so he could finish. Instead of moving back, however, Ms. Pearson moved forward onto the wet floor and fell.

### Findings of Fact and Conclusions of Law

*Standard Applied*

Ms. Pearson bears the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). She does not have to prove every element of her claim by a preponderance of the evidence but must present sufficient evidence for the Court to determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

---

[3] While the Notice of Denial only listed willful misconduct as the basis for Guardian's denial, Guardian also raised lack of causation as a second basis.

2

*Willful Misconduct*

The Court turns first to Guardian's contention that Ms. Pearson's failure to use a safety device bars her recovery. Guardian pointed to Tennessee Code Annotated section 50-6-110, which provides that no compensation shall be allowed for an injury due to an employee's "willful failure or refusal to use a safety device."

In *Scarbrough v. Right Way Recycling, LLC*, 2015 TN Wrk. Comp. Ap. Bd. LEXIS *9 (April 20, 2015), the Appeals Board defined the elements necessary to successfully defend a workers' compensation claim on the basis of willful misconduct, willful disobedience of safety rules, or willful failure to use a safety device. The employer must prove: (1) the employee's actual, as opposed to constructive notice of the safety rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and, (4) the employee's lack of a valid excuse for violating the rule. *Id.* at *14.

Here, none of these elements were established at the hearing because Guardian offered no proof to support them. Based on Guardian's lack of proof, Ms. Pearson is likely to prevail on the issue of her alleged willful misconduct.

*Panel of Physicians*

The Court next turns to Ms. Pearson's request for a panel of orthopedists. An employee does not have to prove compensability to activate the employer's obligation to provide a panel of physicians from which the employee may choose a doctor. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *6 (Mar. 27, 2015). In *McCord*, the Appeals Board reasoned:

> [A] contrary rule would require many injured workers to seek out, obtain and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system.

*Id.* at *9-10.

Thus, at an expedited hearing, an employee need not establish the compensability of her claim by a preponderance of the evidence. She must only come forward with sufficient evidence to support that a work event resulted in injury. If she does so, it may be sufficient to support an order compelling an employer to provide a panel. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016).

3

Upon application of the authority to the facts, the Court holds that Ms. Pearson presented sufficient evidence to demonstrate that she is likely to prevail at a hearing on the merits as to whether she is entitled to an orthopedic panel. The parties stipulated that Ms. Pearson slipped and fell in oil at her work station while performing her job duties for Guardian. Ms. Pearson received a panel of generalists. However, when her treating physician referred her to an orthopedist, Guardian sent her to Dr. Lonergan without a specialist panel and without a direct referral from her treating physician.

**IT IS, THEREFORE, ORDERED** as follows:

1. Guardian or its workers' compensation insurance carrier shall provide Ms. Pearson with a panel of orthopedic specialists from which she may choose an authorized physician for treatment pursuant to Tennessee Code Annotated Section 50-6-204.

2. This matter is set for a Scheduling Hearing **on October 22, 2018, at 8:30 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call in may result in a determination of the issues without the parties' participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

Entered this the ᴎ day of August, 2018.

_____
**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

4

## APPENDIX

Exhibits:
1. Affidavit of Erma Pearson
2. Form C-23 Notice of Denial of Claim for Compensation
3. Form C-41 Wage Statement
4. Medical records from Dr. Robert Lonergan
5. Medical records from PT Company - Ripley
6. Medical Records from Baptist Memorial Hospital
7. Handwritten statement of James Ross
8. Notice of Associate Work Related Injury/Illness/Near Miss
9. Emails from Timothy White and Al Hampton
10. Dr. Lonergan's response to claims associate Victoria Lentz's October 11, 2017 letter

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing and attached affidavit (Collective)
4. Employer's Pre-Hearing Submission with attachments
5. Employee Pre-Hearing Submission with attachments

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 10th day of August, 2018.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Jeffrey Boyd, Employee | | | X | jboyd@borenandboyd.com |
| Bill Walk, Employer's Attorney | | | X | bwalk@walkcook.com |

Penny Patterson-Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant] _____

LB-1099    rev.4/15                                      Page 2 of 2                                      RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries $ _____ per month     Telephone $ _____ per month

Electricity $ _____ per month     School Supplies $ _____ per month

Water $ _____ per month     Clothing $ _____ per month

Gas $ _____ per month     Child Care $ _____ per month

Transportation $ _____ per month     Child Support $ _____ per month

Car $ _____ per month

Other $ _____ per month (describe: _____ )

10. Assets:

Automobile $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House $ _____     (FMV) _____

Other $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20 _____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                          RDA 11082